INDIVIDUAL DRINKING CUP CO. v. PUBLIC SERVICE CUP CORPORATION.

(Circuit Court of Appeals, Second Circuit. December 31, 1919.)

No. 148.

APPEAL AND ERROR ☞87(½), 882(3)—ASSIGNMENT IN INFRINGEMENT SUIT HELD NOT TO HAVE BROUGHT UP FOR REVIEW RULING ON MACHINES NOT CONSIDERED BY TRIAL COURT.

Assignment by defendant that court erred in not holding that his machines did not infringe did not present for review the question of infringement by a machine which plaintff unsuccessfully sought to bring in after interlocutory decree, since refusal to consider that machine was a matter of discretion, not appealable, and was based on defendant's objection.

Appeal from the District Court of the United States for the Eastern District of New York.

On application for rehearing. Former opinion adhered to.

For former opinion, see 262 Fed. 410, —— C. C. A. ——. See, also, 226 Fed. 465; 234 Fed. 653; 237 Fed. 400.

PER CURIAM. The defendant argues that, because it assigned as error to the final decree in the Brooklyn case that Judge Chatfield did not hold that the plaintiff's machines (in the plural) did not infringe, his decree on the mandate was right in dismissing the bill as to the defendant's free dispenser. In other words, the plural "machines" covered both the vender and the free dispenser. But the free dispenser was not before Judge Chatfield at all. The plaintiff sought to bring it in after interlocutory decree. The defendant objected and Judge Chatfield refused to consider it.

In the first place, this was a matter of discretion, not appealable, and, if it were, the free dispenser having been excluded on the defendant's objection, it could not appeal. What we said about it in the single opinion handed down in all three cases (250 Fed. 620, 162 C. C. A. 636) must be allocated, not to the Brooklyn suit, but to the New York suit against Errett in which the free dispenser was before the court; claims 34 and 41 being involved. Claims 52 and 53 were involved in the Brooklyn Case, and we held them invalid as to the vender, if construed as broadly as the plaintiff claimed. Subsequently the plaintiff in the Errett case moved for a rehearing upon claims 34, 41, 52, and 53, which motion we granted as to the free dispenser. This was an inadvertence as to claims 52 and 53, but the plaintiff was not misled, because in its brief claims 34 and 41 were discussed as to the free dispenser, and 52 and 53 as to the vender.

We remain of the opinion expressed in our former memorandum.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes